THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED:   JUNE 6 , 2008
08CV3295
JUDGE KENDALL
MAGISTRATE JUDGE KEYS
NF
```

PAUL ENGELHARD, Individually, )
)
Plaintiff, )
)
v. )  Civil Action No.
)
WYETH CONSUMER HEALTHCARE, LTD., )
and R. P. SCHERER CORPORATION, )
)
Defendant.

### NOTICE OF REMOVAL OF DEFENDANT WYETH

PLEASE TAKE NOTICE that defendant Wyeth, on behalf of Wyeth Consumer Healthcare, Ltd., a division of Wyeth, hereinafter referred to as "Wyeth", through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and respectfully states:

1. This case involves allegations of injuries to a user of a product known as "Advil Liqui-Gels" in Illinois.

2. On or about April 16, 2008, Paul Engelhard, ("plaintiff") commenced this action against Wyeth Consumer Healthcare, Ltd. by filing a Complaint at Law ("Complaint" or "Compl.") in the Circuit Court of Cook County, County Department, Law Division bearing number 2008 L 004152.

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Wyeth has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I. **WYETH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. The Complaint was served on Wyeth on May 9, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. The Circuit Court of Cook County, County Department, Law Division is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summonses and petitions, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Circuit Court of Cook County, County Department, Law Division.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

A. **Diversity Of Citizenship**

8. Upon information and belief, plaintiff Engelhard is a resident of the State of Illinois. Plaintiff has not alleged any alternative state of residence. Accordingly, upon information and belief, Illinois is the state in which plaintiff is domiciled and, therefore, the state of which plaintiff is a citizen for purposes of determining diversity.

9. Wyeth is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business at Five

Giralda Farms, Madison, New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

10. Plaintiff's Complaint alleges that Scherer is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of Michigan with its principal place of business in Michigan, and therefore, is a citizen of Michigan for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Defendant Scherer has not been served with Summons.

11. Thus, the plaintiff and defendants are diverse.

**B.   The Amount-In-Controversy Requirement Is Satisfied**

12. Plaintiff in this case alleges that "Wyeth developed, tested, manufactured and sold certain bottles of the product "Advil Liqui-Gel tablets" in the County of Cook and State of Illinois" and that the product known as "Advil Liqui-Gels" had a propensity to cause injuries of a personal and pecuniary nature to those persons using the product and that the product was unreasonably dangerous at the time it left the possession of the Defendant, Wyeth. (Compl. ¶¶ 1, 8).

13. Plaintiff alleges two separate claims for relief: strict liability (Count I) and negligence (Count II). Based on these allegations, plaintiff seeks multiple forms of relief, including actual damages in excess of $50,000 plus costs. (Compl., Counts I and II). However, given the description of the alleged injury and the nature of the relief sought, the amount in controversy by this litigation exceeds $75,000.

WHEREFORE, Defendant Wyeth respectfully removes this action from the Circuit Court of Cook County, County Department, Law Division, bearing number 08 L 4152 to this Court pursuant to 28 U.S.C. § 1441.

Dated this 6th day of June, 2008.

Respectfully submitted,

s/ Peter A. Tomaras
One of the Attorneys for Defendant, WYETH

Peter A. Tomaras (No. 6180423)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606-1229
(312) 201-2000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2008, a copy of the foregoing Notice of Removal of Defendant Wyeth was mailed, first-class, postage prepaid to counsel for the Plaintiff:

Kent A. Heitzinger
1056 Gage Street
Suite 200
Winnetka, IL  60093

s/ Peter A. Tomaras

```
08CV3295
JUDGE KENDALL
MAGISTRATE JUDGE KEYS
NF
```

# EXHIBIT A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

NTP / ALL
Transmittal Number: 5769438
Date Processed: 05/09/2008

| | |
|---|---|
| Primary Contact: | William J Ruane Esq.<br>Wyeth<br>5 Giralda Farms<br>MAIL STOP 2A<br>Madison, NJ 07940 |
| Copy of transmittal only provided to: | Marie Ewert<br>Carol Hall<br>Norma Boxx |
| Entity: | Wyeth Consumer Healthcare Ltd.<br>Entity ID Number 0512374 |
| Entity Served: | Wyeth Consumer Healthcare, Ltd. |
| Title of Action: | Paul Engelhard vs. Wyeth Consumer Healthcare, Ltd. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 08L004152 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 05/09/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Kent A. Heitzinger<br>847-446-2430 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

PAUL ENGELHARD

v.

WYETH CONSUMER HEALTHCARE, LTD. and R. P. SCHERER CORPORATION

No. 08 L 004152

Sheriff, please serve the following:
Wyeth Consumer Healthcare, Ltd.
Prentice Hall Corporation, Registerd Agt
33 N. LaSalle St.
Chicago, IL 60602

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- [x] Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602
- [ ] District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- [ ] District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- [ ] District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153
- [ ] District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- [ ] District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60426
- [ ] Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 26373
Name: Kent A. Heitzinger
Atty. for: Plaintiff
Address: 1056 Gage St., Ste. 200
City/State/Zip: Winnetka, IL 60093
Telephone: 847-446-2430

WITNESS, _____

DOROTHY BROWN  MAY 07 2008

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

STATE OF ILLINOIS    )
                     )SS
COUNTY OF COOK       )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PAUL ENGELHARD, Individually,            )
                                         )
            Plaintiff,                   )   08L004152
                                         )
vs.                                      )   No.
                                         )
WYETH CONSUMER HEALTHCARE, LTD.,         )
and R. P. SCHERER CORPORATION,           )
                                         )
            Defendants.                  )

## COMPLAINT AT LAW

### COUNT I

Plaintiff, PAUL ENGELHARD, by his attorney, Kent A. Heitzinger, and complaining of the defendants, WYETH CONSUMER HEALTHCARE, LTD. and R. P. SCHERER CORPORATION, and each of them, states as follows:

1. That on or before April 17, 2006, the defendant, WYETH CONSUMER HEALTHCARE, LTD., (hereinafter referred to as "WYETH") was and is a Delaware corporation engaged in the business of manufacturing, designing, testing, inspecting, distributing, and selling Advil Liqui-Gel tablets and was doing business in Illinois, County of Cook.

2. That on and before April 17, 2006, defendant, R. P. SCHERER CORPORATION, (hereinafter referred to as "SCHERER") was and is a Michigan corporation engaged in the business of manufacturing, designing, testing, inspecting, distributing, and selling Advil Liqui-Gel tablets and was doing business in Illinois, County of Cook.

3. That sometime prior to April 17, 2006, the defendants, "WYETH" and "SCHERER," designed, manufactured, and sold Advil Liqui-Gel tablets, and more specifically,

solubilized ibuprofen capsules, 200 mg, pain reliever/fever reducer which were also known as liquid filled capsules.

4. That sometime prior to April 17, 2006, the plaintiff, PAUL ENGELHARD, purchased Advil Liqui-Gels from a store in Illinois.

5. That it was the duty of the defendants, "WYETH" and "SCHERER," and each of them, to design, manufacture, and sell the Advil Liqui-Gels so that they were not unreasonably dangerous for there intended and foreseeable use.

6. Notwithstanding the abovementioned duty, the defendants, "WYETH" and "SCHERER," sold the Advil Liqui-Gels in an unreasonably dangerous condition in one or more of the following respects:

(a) Failed to properly warn on the container, box, or any related materials that it was unsafe or dangerous to take said product orally and then to lie down immediately thereafter;

(b) That is was unsafe, dangerous to take said Advil Liqui-Gels with or without proper liquids or food and/or then to lie down after taking said oral medication.

(c) Said tablets were designed to stick and not properly be absorbed in a person's intestines or stomach.

7. That on or around April 16, 2006, plaintiff, PAUL ENGELHARD, was using said Advil Liqui-Gels for there intended and foreseeable purpose. Plaintiff learned the defendants' product cause injury after April 16, 2006.

8. That as a direct and proximate cause of one or more of the abovementioned unreasonably dangerous conditions and failures to warn, said Advil Liqui-Gels got lodged in the intestines of PAUL ENGELHARD and caused him to suffer injuries of personal and pecuniary nature.

Wherefore plaintiff, PAUL ENGELHARD, demands judgment of the defendants, "WYETH" and "SCHERER," and each of them, of a sum in excess of $50,000.00 plus costs of this lawsuit.

## COUNT II

Plaintiff, PAUL ENGELHARD, by his attorney, Kent A. Heitzinger, and complaining of the defendants, WYETH CONSUMER HEALTHCARE, LTD. and R. P. SCHERER CORPORATION, and each of them, states as follows:

1-4. Plaintiff realleges and repleads paragraphs 1 through 4 of Count I as paragraphs 1 though 4 of Count II of his Complaint at Law.

5. That is was the duty of the defendants, "WYETH" and "SCHERER," and each of them, to exercise due care in designing, manufacturing, and selling the Advil Liqui-Gels.

6. Notwithstanding the abovementioned duty the defendants, "WYETH" and "SCHERER," and each of them, committed one or more of the following acts of negligence:

(a) Designed, manufactured, and sold the Advil Liqui-Gel tablets so that they would not dissolve into the system of an individual under normal use;

(b) Designed, manufactured, and sold the Advil Liqui-Gel tablets so that they would stick to the lining of an intestinal track and fail to properly dissolve into system of a person so using said tablets.

7. That on April 17, 2006, plaintiff, PAUL ENGELHARD, was using the Advil Liqui-Gels.

8. That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Advil Liqui-Gels remained in the intestinal track of the plaintiff, PAUL ENGELHARD, which caused him injuries of a personal and pecuniary nature.

Wherefore plaintiff, PAUL ENGELHARD, demands judgment of defendants, "WYETH" and "SCHERER," and each of them, in the sum of in excess of $50,000.00 plus costs of this lawsuit.

Respectfully submitted,

_____
Kent A. Heitzinger, Attorney for Plaintiff

Kent A. Heitzinger
Attorney for Plaintiff
1056 Gage Street, #200
Winnetka, IL 60093
(847) 446-2430
Attorney No. 26373