THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JUNE 6, 2008
08CV3295
JUDGE KENDALL
MAGISTRATE JUDGE KEYS
NF

PAUL ENGELHARD, Individually, )
)
)
) Civil Action No.
Plaintiff, )
)
v. )
)
WYETH CONSUMER HEALTHCARE, LTD., ) DEFENDANT REQUESTS TRIAL BY
and R. P. SCHERER CORPORATION, ) JURY
)
Defendant. )

### ANSWER OF DEFENDANT WYETH
### TO PLAINTIFF'S COMPLAINT AT LAW

Defendant WYETH, on behalf of WYETH CONSUMER HEALTH, LTD., a division of Wyeth, hereinafter referred to as "WYETH", for its Answer to Plaintiff's Complaint at Law ("Complaint"), states as follows:

### COUNT I

1.  That on or before April 17, 2006, the defendant, WYETH CONSUMER HEALTHCARE, LTD., (hereinafter referred to as "WYETH") was and is a Delaware corporation engaged in the business of manufacturing, designing, testing, inspecting, distributing, and selling Advil Liqui-Gel tablets and was doing business in Illinois, County of Cook.

**ANSWER:** Wyeth admits it is a Delaware corporation, that it distributed and sold Advil Liqui-Gels in Illinois in 2006 and denies the remaining allegations of Paragraph 1 of Count I of the Complaint.

2.  That on or before April 17, 2006, the defendant, R. P. SCHERER CORPORATION, (hereinafter referred to as "SCHERER") was and is a Michigan corporation

engaged in the business of manufacturing, designing, testing, inspecting, distributing, and selling Advil Liqui-Gel tablets and was doing business in Illinois, County of Cook.

**ANSWER:** Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Count I and neither admit nor denies same but demands strict proof thereof. To the extent an answer is deemed required, Wyeth denies the allegations contained in Paragraph 2 of Count I of the Complaint.

3. That sometime prior to April 17, 2006, the defendants, "WYETH" and "SCHERER", designed, manufactured, and sold Advil Liqui-Gel tablets, and more specifically, solubilized ibuprofen capsules, 200 mg, pain reliever/fever reducer which were also known as liquid filled capsules.

**ANSWER:** Wyeth admits it distributed and sold Advil Liqui-Gels in 2006 and denies all remaining allegations in Paragraph 3 of Count I of the Complaint.

4. That sometime prior to April 17, 2006, the plaintiff, PAUL ENGELHARD, purchased Advil Liqui-Gels from a store in Illinois.

**ANSWER:** Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Count I and neither admits nor denies same but demands strict proof thereof. To the extent an answer is deemed required, Wyeth denies the allegations contained in Paragraph 4 of Count I of the Complaint.

5. That it was the duty of the defendants, "WYETH" and "SCHERER", and each of them, to design, manufacture, and sell the Advil Liqui-Gels so that they were not unreasonably dangerous for their intended and foreseeable use.

**ANSWER:** Wyeth admits all duties imposed upon it by law and denies violating any such duties.

6. Notwithstanding the abovementioned duty, the defendants, "WYETH" and "SCHERER", sold the Advil Liqui-Gels in an unreasonably dangerous condition in one or more of the following respects:

    (a) Failed to properly warn on the container, box, or any related materials that it was unsafe or dangerous to take said product orally and then to lie down immediately thereafter;

    (b) That it was unsafe, dangerous to take said Advil Liqui-Gels with or without proper liquids or food and/or then to lie down after taking said oral medication;

    (c) Said tablets were designed to stick and not properly be absorbed in a person's intestines or stomach;

**ANSWER:** Wyeth denies the allegations contained in Paragraph 6 of Count I of the Complaint and specifically denies subparagraphs (a) through (c), inclusively thereof.

7. That on or around April 16, 2006, plaintiff, PAUL ENGELHARD, was using said Advil Liqui-Gels for their intended and foreseeable purpose. Plaintiff learned the defendants' product caused injury after April 16, 2006.

**ANSWER:** Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Count I and neither admits nor denies same but demands strict proof thereof. To the extent an answer is deemed required, Wyeth denies the allegations contained in Paragraph7 of Count I of the Complaint.

8. That as a direct and proximate cause of one or more of the abovementioned unreasonably dangerous conditions and failures to warn, said Advil Liqui-Gels got lodged in the intestines of PAUL ENGELHARD and caused him to suffer injuries of personal and pecuniary nature.

**ANSWER:** Wyeth denies the allegations contained in Paragraph 8 of Count I of the Complaint.

WHEREFORE, defendant Wyeth denies that plaintiff is entitled to judgment in any amount whatsoever.

## COUNT II

1-4. Plaintiff realleges and repleads paragraphs paragraphs 1 through 4 of Count I as paragraphs 1 through 4 of Count II of his Complaint at Law.

**ANSWER:** Wyeth adopts and realleges each and every answer to the allegations in Paragraphs 1 through 4 of Count I as its answers to Paragraphs 1-4 of Count II of the Complaint, as if fully set forth herein.

5. That it was the duty of the defendants, "WYETH" and "SCHERER", and each of them, to exercise due care in designing, manufacturing, and selling the Advil Liqui-Gels.

**ANSWER:** Wyeth admits all duties imposed upon it by law and denies violating any such duties.

6. Notwithstanding the abovementioned duty the defendants, "WYETH" and "SCHERER", and each of them, committed one or more of the following acts of negligence:

    (a) Designed, manufactured and sold the Advil Liqui-Gel tablets so that they would not dissolve into the system of an individual under normal use;

    (b) Designed, manufactured and sold the Advil Liqui-Gel tablets so that they would stick to the lining of an intestinal track and fail to properly dissolve into system of a person so using said tablets.

**ANSWER:** Wyeth denies the allegations contained in Paragraph 6 of Count II of the Complaint and specifically denies subparagraphs (a) through (b), inclusively thereof.

7. That on April 17, 2006, plaintiff, PAUL ENGELHARD, was using the Advil Liqui-Gels.

**ANSWER:** Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Count II and neither admits nor denies same

but demands strict proof thereof. To the extent an answer is deemed required, Wyeth denies the allegations contained in Paragraph 7 of Count II of the Complaint.

8.　　That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Advil Liqui-Gels remained in the intestinal track of the plaintiff, PAUL ENGELHARD, which caused him injuries of a personal and pecuniary nature.

**ANSWER:**　　Wyeth denies the allegations contained in Paragraph 8 of Count II of the Complaint.

WHEREFORE, Wyeth prays that the Court determine and adjudge:

(a)　　that the Complaint, and all claims alleged therein, be dismissed with prejudice,

(b)　　that Wyeth be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action;

(c)　　that Wyeth be awarded such other and further relief as the Court may deem proper; and

(d)　　that Wyeth requests trial by jury.

By:　　s/ Peter A. Tomaras
　　　　One of the Attorneys for Defendant, WYETH

Peter A. Tomaras (6180423)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
(312) 201-2000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2008, a copy of the foregoing Answer of Defendant Wyeth was mailed, first-class, postage prepaid to counsel for the Plaintiff:

Kent A. Heitzinger
1056 Gage Street
Suite 200
Winnetka, IL  60093

s/ Peter A. Tomaras